UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
JDE Law Firm, PLLC
710 Tennent Road Suite 301
Manalapan, New Jersey 07726
Telephone: (732) 490-7120
Jesse David Eisenberg, Esq.
(Bar No. 039242013)

Proposed Special Counsel for the Defendants

| | |
|---|---|
| In re:<br><br>Supor Properties Enterprises LLC, *et al.*[1],<br><br>Debtors. | Case No. 24-13427 (SLM)<br>Judge: Stacey L. Meisel<br>Chapter 11<br><br>(Jointly Administered) |
| Supor Properties Enterprises LLC; J Supor 136-1 Realty LLC; Supor-172 Realty LLC; Supor Properties 600 Urban Renewal, LLC; JS Realty Properties, LLC; Supor Family LLC; Supor Properties-400 Limited Liability Company; and the Marital Trust under the Last Will and Testament of Joseph Supor, Jr.,<br><br>Plaintiffs,<br>v.<br><br>American Dream Resorts, Ltd., RDA1: Supor Properties Enterprises LLC; RDA 2&3: Supor Properties Enterprises LLC; RDA 4: J Supor 136-1Realty LLC; RDA 5: Supor 172 Realty LLC; RDA 6: Supor Properties 600 Urban Renewal, LLC; Supor Studio City 2 LLC, Supor Studio City 3 LLC; Supor Studio City 4 LLC and Supor MT, LLC<br><br>Defendants. | Adv. Pro. No. 24-01174 (SLM) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

## INTRODUCTION

By way of answer to the verified complaint filed by the plaintiffs which seeks preliminary and permanent injunctive relief as well as compensatory and punitive damages, the above-captioned defendants (each a "Defendant" and, collectively, the "Defendants") hereby respond and allege as follows.

## THE PARTIES

1. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

2. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

3. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

4. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

5. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

6. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

7. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

8. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

## JURISDICTION AND VENUE

19. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

20. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

21. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### The Plaintiffs and their Properties

22. The Answering Defendants deny as to Debtor Plaintiff Supor Enterprise's ownership. See Exhibit A attached hereto and made a part thereof.   The Answering Defendants lack information and belief as to the veracity of the remaining representations and therefore leave the plaintiffs to their proofs.

23. The Answering Defendants deny as to Debtor Plaintiff Supor 136's ownership.  See
    Exhibit B  attached hereto and made a part thereof.   The Answering Defendants lack
    information and belief as to the veracity of the remaining representations and therefore
    leave the plaintiffs to their proofs.

24. The Answering Defendants deny as to Debtor Plaintiff Supor 172's ownership.   See
    Exhibit C attached hereto and made a part thereof.   The Answering Defendants lack
    information and belief as to the veracity of the remaining representations and therefore
    leave the plaintiffs to their proofs.

25. The Answering Defendants lack information and belief as to the veracity of these
    representations and therefore leave the plaintiffs to their proofs.

26. The Answering Defendants deny as to Debtor Plaintiff Supor 600's ownership.   See
    Exhibit D attached hereto and made a part thereof.   The Answering Defendants lack
    information and belief as to the veracity of the remaining representations and therefore
    leave the plaintiffs to their proofs.

27. The Answering Defendants lack information and belief as to the veracity of these
    representations and therefore leave the plaintiffs to their proofs.

28. The Answering Defendants lack information and belief as to the veracity of these
    representations and therefore leave the plaintiffs to their proofs.

29. The Answering Defendants deny as to Debtor Plaintiff JS Realty's ownership.  See
    Exhibit E attached hereto and made a part thereof.   The Answering Defendants lack
    information and belief as to the veracity of the remaining representations and therefore
    leave the plaintiffs to their proofs.

30. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

31. The Answering Defendants deny as to Plaintiff Supor Family LLC's ownership. See Exhibit F attached hereto and made a part thereof. The Answering Defendants lack information and belief as to the veracity of the representations concerning the members of Supor Family LLC and therefore leave the plaintiffs to their proofs.

32. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

33. The Answering Defendants deny as to Plaintiff Supor Properties-400 Limited Liability Company's ownership. See Exhibit G attached hereto and made a part thereof.

34. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

35. Denied. Answering Defendants are the owner of the Manor Avenue Property. See Exhibit H attached hereto and made a part thereof.

36. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

### The Mortgage Loan From 1000 Frank E. Rodgers 1 LLC

37. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

38. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

39. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

40. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

41. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

42. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

43. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

44. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

45. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

46. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

47. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

48. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

49. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

50. The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

51. Denied.  Roseanne Supor approached the Answering Defendants.  The Answering Defendants admit the remaining allegations.

52. The Answering Defendants admit that Joseph Gentile Sr. and Joseph Gentile Jr. proposed a joint venture.  The Answering Defendants deny that ADR would contribute knowledge, experience and relationships to refinance the Mortgaged Premises to satisfy all amounts due to Lenders and refer Plaintiffs to the Operating Agreements for each entity for the contents contained therein.

53. Denied.  The Answering Defendants refer Plaintiffs to the Operating Agreements for the contents contained therein.

54. The Answering Defendants deny that upon the successful closing of a refinancing, the contributed deed to the OA Deeded Property(ies) would be recorded in the name of the applicable joint venture entity, which recording would not occur until the closing of the promised refinancing to satisfy the Madison Indebtedness and discharge the Lenders' Mortgages.  The Answering Defendants admit to the remaining allegations.

55. Denied.  The section is incomplete and the Answering Defendants refer Plaintiffs to the rights and responsibilities contained in the Operating Agreements for the contents contained therein.

56. Denied.  The Answering Defendants refer Plaintiffs to the rights and responsibilities contained in the Operating Agreements for the contents contained therein.

57. Denied.  The Answering Defendants refer Plaintiffs to the rights and responsibilities contained in the Operating Agreements for the contents contained therein.

58. Denied.  The Answering Defendants refer Plaintiffs to the rights and responsibilities contained in the Operating Agreements for the contents contained therein.

59. Denied.  The Answering Defendants refer Plaintiffs to the rights and responsibilities contained in the Operating Agreements for the contents contained therein.

60. Denied.

## The Operating Agreements and the Improper Transfer of Interests in Plaintiffs' Real Properties

61. Admitted.

*The Operating Agreement between ADR and Supor Enterprises as to RDA 1*

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Denied.  The title company prepared the deed.

67. Denied.  The deeds at signing incorrectly said $0 as consideration and the error was corrected at closing to be $1.

68. Denied.

69. Denied.

*The Operating Agreement between ADR and Supor Enterprises as to RDA 2 & 3*

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted.

74. Denied.  The title company prepared the deed.

75. Denied.

76. Denied.

77. Denied.

*The Operating Agreement between ADR and Supor 13 6*

78. Admitted.

79. Admitted.

80. Admitted.

81. Admittt!d.

82. Denied.  The title company prepared the deed.

83. Denied.

84. Denied.

85. Denied.

*The Operating Agreement between ADR and Supor 172*

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Denied.  The title company prepared the deed.

91. Denied.

92. Denied.

93. Denied.

*The Operating Agreement between ADR and Supor 600*

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Denied.  The title company prepared the deed.

99. Denied.

100.    Denied.

101.    Denied.

*The Operating Agreement between ADR and Supor Family*

102.    Admitted.

103.    Admitted.

104.    Admitted.

105.    Admitted.

106.    Denied.  The title company prepared the deed.

107.    Denied.

108.    Denied.

109.    Denied.

*The Operating Agreement between ADR and SP 400*

110.    Admitted.

111.    Admitted.

112.    Admitted.

113.    Admitted.

114.    Denied.  The title company prepared the deed.

115.    Denied.

116.     Denied.

117.     Denied.

*The Operating Agreement between ADR and JS Realty*

118.     Admitted.

119.     Admitted.

120.     Admitted.

121.     Admitted.

122.     Denied.  The title company prepared the deed.

123.     Denied.

124.     Denied.

125.     Denied.

*The Operating Agreement between ADR and The Marital Trust*

126.     Admitted.

127.     Admitted.

128.     Admitted.

129.     Admitted.

130.     Denied.  The title company prepared the deed.

131.     Denied.

132.     The Answering Defendants admit that the deed was recorded.  The Answering

Defendants deny the remaining allegations.

133.     Denied.  The title company prepared the deed.

134.     Denied.  The deed was submitted for recording by the title company.

135.    The Answering Defendants admit that subsequent to the execution of the deed for

the Manor Avenue Property and prior to the recording, someone hand-modified the stated

consideration listed on the deed to $1.  The Answering Defendants deny the remaining

allegations.

136.    Denied.

137.    Denied.  The Answering Defendants refer Plaintiffs to the rights and

responsibilities contained in the Operating Agreements for the contents contained therein.

### FER Properties and the RDA

138.    The Answering Defendants lack information and belief as to the veracity of these

representations and therefore leave the plaintiffs to their proofs.

139.    Denied.

140.    Denied.

141.    Denied.

### ADR's Occupancy of the JS Realty Property

142.    The Answering Defendants admit as to there were business operating.  The

Answering Defendants deny the remaining allegations.

143.    Denied.

144.    Admitted because the lease did not require rent to be paid yet.   See Exhibit I

attached hereto and made a part thereof.

145.    Denied.

### ADR's Defaults Under the Operating Agreements

146.    Denied.

147.    Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

### The Recording of the Deeds in Lieu by Lender and the Scheduled UCC Sale

157.     The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

158.     The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

159.     The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

160.     Denied.

161.     The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

162.     Denied.

### The Termination of the Operating Agreements

163.     The Answering Defendants admit that Mr. Supor provided notice. However, Mr. Supor did not have the authority to do so.

164.        The Answering Defendants admit that Mr. Supor provided notice.  However, Mr.

Supor did not have the authority to do so.

165.        Denied.

166.        Denied.

167.        Denied.

168.        Denied.

169.        Denied.

170.        Denied.

171.        Denied.

172.        Denied.

173.        Denied.

174.        Denied.

175.        Denied.

176.        Denied.

177.        Denied.

178.        Denied.

179.        Denied.

180.        Denied.

181.        Denied.

## FIRST COUNT

182.        The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

183.    Paragraph "183" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Paragraph "183."

184.    Paragraph "184" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Paragraph "184."

185.    Denied.

186.    Denied.

187.    Denied.

188.    Admitted.

189.    Denied.

190.    Denied.  There was no right to terminate.

191.    Paragraph "191" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Paragraph "191."

192.    The Answering Defendants admit as to the status of the Operating Agreements. The Answering Defendants deny the remaining allegations.

193.    Denied.

## SECOND COUNT

194.    The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

195.    Paragraph "195" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Paragraph "195."

196.    Paragraph "196" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Paragraph "196."

197.    Paragraph "197" contains no allegation.  To the extent a response is necessary, the

Answering Defendants deny Paragraph "197."

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

## THIRD COUNT

203.    The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

## FOURTH COUNT

218.    The Answering Defendants repeat and reallege the allegations contained in the
preceding paragraphs of this Complaint as if fully set forth herein.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

## FIFTH COUNT

229.    The Answering Defendants repeat and reallege the allegations contained in the
preceding paragraphs of this Complaint as if fully set forth herein.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.     Denied.

237.     Denied.

238.     Denied.

239.     Denied.

## SIXTH COUNT

240.     The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

241.     Denied.

242.     Denied.

243.     Denied.

244.     Admitted because JS Realty does not own the building.

245.     Denied.

246.     The Answering Defendants contend that JS Realty had no right to make such

demands as they are not the owner of the building.

247.     Denied.

248.     Denied.

249.     Denied.

250.     Denied.

## SEVENTH COUNT

251.     The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

252.     Denied.

253.     Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

## EIGHTH COUNT

258.    The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

259.    Admitted.

260.    Admitted.  Plaintiffs are required to turn over property interests pursuant to the

Operating Agreements.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

## NINTH COUNT

265.    The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

266.    Admitted.

267.    Admitted because multiple deeds exist.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

### TENTH COUNT

272.    The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

273.    Admitted.

274.    Admitted because multiple deeds exist.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

### ELEVENTH COUNT

279.    The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

280.    Admitted.

281.    Admitted because multiple deeds exist.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

### TWELFTH COUNT

286.    The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

287.    Admitted.

288.     Admitted because multiple deeds exist.

289.     Denied.

290.     Denied.

291.     Denied.

292.     Denied.

## THIRTEENTH COUNT

293.     The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

294.     Denied.

295.     Denied.

296.     Denied.

297.     Denied.

298.     Denied.

## FOURTEENTH COUNT

299.     The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

300.     Denied.

301.     The Answering Defendants lack information and belief as to the veracity of these representations and therefore leave the plaintiffs to their proofs.

302.     Denied.

303.     Denied.

304.     Denied.

305.     Denied.

306.     Denied.

307.     Denied.

308.     Denied.

## FIFTEENTH COUNT

309.     The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

310.     The Answering Defendants admit that the deed was recorded within the last two years.

311.     Denied as the transfer was effectuated by the signing of the deed and not the recording.

312.     Denied.

313.     Denied.

314.     Denied.  The Answering Defendants refer Plaintiffs to the rights and responsibilities contained in the Operating Agreements for the contents contained therein.

315.     Plaintiff Marital Trust has no right to make such demand.

316.     See Paragraph "315."

317.     Denied.

318.     Denied.

319.     Denied.

## SIXTEENTH COUNT

320.     The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

321.     The Answering Defendants admit that the deed was recorded within the last two

years.

322.     Denied as the transfer was effectuated by the signing of the deed and not the

recording.

323.     Denied.

324.     Denied.

325.     Denied.  The Answering Defendants refer Plaintiffs to the rights and

responsibilities contained in the Operating Agreements for the contents contained therein.

326.     Denied.

327.     Denied.

328.     Denied.

## SEVENTEENTH COUNT

329.     The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

330.     Denied.

331.     Denied.

332.     Denied.

333.     Denied.

334.     Denied.

335.     Denied.

## EIGHTEENTH COUNT

336.     The Answering Defendants repeat and reallege the allegations contained in the

preceding paragraphs of this Complaint as if fully set forth herein.

337.    Admitted.

338.    Denied.

339.    Admitted.

340.    Denied.

341.    Denied.

342.    Denied

343.    Denied.

## NINETEENTH COUNT

344.    The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

345.    Plaintiffs' Paragraph "362" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Plaintiffs' Paragraph "362."

346.    Plaintiffs' Paragraph "363" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Plaintiffs' Paragraph "363."

347.    Plaintiff's Paragraph "364" contains no allegation.  To the extent a response is necessary, the Answering Defendants deny Plaintiffs' Paragraph "364."

348.    Denied.

349.    Denied.

350.    Plaintiffs have no right to make such demand.

351.    Plaintiffs have no right to make such demand.

352.    Denied.

## AFFIRMATIVE DEFENSES

1.  Debtor Plaintiffs failed to state a cause of action upon which relief could be granted.

2. Debtor Plaintiffs failed to perform in regard to the breach of contract claims.

3. Debtor Plaintiffs are barred to relief pursuant to the doctrine of unclean hands.

4. Debtor Plaintiffs lack standing.

5. As a result of the impossibility of performance, the Answering Defendants should be excused from liability for any alleged breach of contract or failure to fulfill legal obligations.

6. Debtor Plaintiffs are estopped from asserting the claim due to its prior conduct or representations.

## STATEMENT OF FACTS

1. Joseph Gentile Jr. ("Gentile Jr.") serves as the President and Chairman of American Dream Resorts, Ltd ("ADR").

2. The longstanding relationship between the Gentile and Supor families led to discussions initiated by Roseanne Supor, mother of Joseph Supor III ("Supor III"), seeking support for the Supor family businesses due to her illness in January 2023.

3. After careful consideration and consultation with Supor III and his financial advisors, Gentile Jr. decided to pursue a partnership encompassing all Supor family properties, leading to the finalization of Operating Agreements and deeds on May 16, 2023.

4. There was no agreement to delay filing the deeds until after securing financing, as evidenced by the immediate submission of deeds for recording, except for the Supor MT LLC deed returned to ADR.

5. Gentile Jr., despite being aware of Supor companies' default on a loan under forbearance, proceeded based on trust and the understanding that refinancing proposed in the Operating Agreements would cover obligations outlined in the forbearance agreement.

6. Due to Supor III's previous default on the loan at issue, numerous lawsuits filed against Supor III and his companies and his interested affiliates, the subsequent and also immediate default of Supor III and his companies' responsibility in the Operating Agreements to pay all bills, and the subsequent foreclosure filed by Crown Bank in September 2023, among other cases similarly filed around the same time with a judgment and bankruptcy in July after his mother passed.

7. Unfortunately, Roseanne Supor passed away in July 2023 following the filing of the bankruptcy action concerning their headquarters to prevent its auction sale.

8. Multiple properties were owned by a marital trust that was created by Roseanne Supor's deceased husband with Supor III as trustee.

9. Brokers returned multiple times asking for specific financial information including who would be replacing the marital trust in the joint entities.

10. Gentile Jr. spent months requesting, through text messages, and daily meetings the required information from Supor III and the money management team and family members.

11. To date, Gentile Jr. has still not received a full and complete response to said requests.

12. Due to Supor III's failure to provide the necessary information, the lenders were not willing to proceed with any financing.

13. On or about September 13, 2023, Gentile Jr. finally received a copy of the forbearance agreement that Supor III had signed to the loan at issue.

14. The forbearance agreement Gentile Jr. received did not contain the deeds in lieu that were signed by Supor III to the lender.

15. In fact, Gentile Jr. did not receive the terms and the information contained within the deeds in lieu until in or around December 2023.

16. Additionally, the timing and legitimacy of the forbearance agreement is at question.

17. ADR has acted as the managing member of the properties at issue since May 16, 2023 with the exception that the Debtor continued to collect the rent and never paid the bills causing credit, legal and financial toxicity beyond repair.

18. In or around June 2023, Supor Studio City 4 LLC, signed a lease with TeamDream, Inc. as the master tenant for most of the Red Brick Building at 401 Supor Blvd accepting the spaces held by Skanska and Machinery Values.

19. Decision-making regarding financing mechanisms outlined in the Operating Agreements rested with ADR, the managing member, considering Supor III's history of loan defaults and ongoing legal issues.

20. Efforts to secure financing were hindered by Supor III's failure to provide necessary financial information, further complicated by delayed disclosure of essential documents such as deeds in lieu.

21. ADR has been functioning as the managing member of the properties since May 16, 2023, consistent with New Jersey law recognizing the validity of deeds upon signing.

## **FIRST COUNTERCLAIM**

22. The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23. Pursuant to the Declaratory Judgment Act, "[in a case or actual controversy within its jurisdiction... any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is

or could be sought." 28 U.S.C. § 2201(a). Bankruptcy courts, as units of the district court, have the authority to issue declaratory judgments to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships.

24. Under Bankruptcy Rules 7001(2) and (9), an adversary proceeding may be commenced "to determine the validity, priority, or extent of a lien or other interest in property," or "to obtain a declaratory judgment relating to" such a determination.

25. The Answering Defendants respectfully requests this Honorable Court to declare the Operating Agreements as valid, enforceable, and in existence, and grant any further relief deemed just and proper under the circumstances.

## SECOND COUNTERCLAIM

26. The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

27. Pursuant to the Declaratory Judgment Act, "[in a case or actual controversy within its jurisdiction... any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Bankruptcy courts, as units of the district court, have the authority to issue declaratory judgments to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships.

28. Under Bankruptcy Rules 7001(2) and (9), an adversary proceeding may be commenced "to determine the validity, priority, or extent of a lien or other interest in property," or "to obtain a declaratory judgment relating to" such a determination.

29. The Answering Defendants seek Declaratory Judgment that the deeds were valid at the time they were signed.

## THIRD COUNTERCLAIM

30. The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

31. Pursuant to the Declaratory Judgment Act, "[in a case or actual controversy within its jurisdiction... any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Bankruptcy courts, as units of the district court, have the authority to issue declaratory judgments to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships.

32. Under Bankruptcy Rules 7001(2) and (9), an adversary proceeding may be commenced "to determine the validity, priority, or extent of a lien or other interest in property," or "to obtain a declaratory judgment relating to" such a determination.

33. The Answering Defendants seek Declaratory Judgment that, with respect to the deed in lieu properties, determining whether Joseph Supor III individually and on behalf of the Debtor Plaintiffs have the right and authority to contribute deeds and sign the operating agreements with Defendants.

## FOURTH COUNTERCLAIM

34. The Answering Defendants repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

35. Pursuant to the Declaratory Judgment Act, "[in a case or actual controversy within its jurisdiction... any court of the United States... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Bankruptcy courts, as units of the district court, have the authority to issue declaratory judgments to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting violation of rights or disturbance of relationships.

36. Under Bankruptcy Rules 7001(2) and (9), an adversary proceeding may be commenced "to determine the validity, priority, or extent of a lien or other interest in property," or "to obtain a declaratory judgment relating to" such a determination.

37. The Answering Defendants seek Declaratory Judgment that if pursuant to the Restructuring Agreement with the lender that if the properties and/or monies are returned to the debtor Plaintiffs that the Answering Defendants are entitled to 50% of same.

JDE Law Firm, PLLC

Attorneys for Defendants

/s/ Jesse Eisenberg

Jesse David Eisenberg, Esq.

Dated: May 10, 2024

### VERIFICATION OF JOSEPH GENTILE JR.

The above-named President and Chairman of American Dream Resorts, Ltd ("ADR")

verifies that the attached Answer and Exhibits are true and accurate to the best of his knowledge.

Date: _May 10, 2024_

_____
Joseph Gentile Jr.

Sworn to me on the 10th day of May, 2024

_____
Jesse Eisenberg
An Attorney duly admitted
under the laws of the
State of New Jersey