| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>K&L Gates LLP<br>One Newark Center<br>1085 Raymond Boulevard, 10th Floor<br>Newark, NJ 07102<br>Telephone: (973) 848-4000<br>Facsimile: (973) 848-4001<br>William L. Waldman (WLW-1452)<br><br>*Special Counsel for the Debtors and Counsel for non-Debtor Plaintiffs* | |
| In re:<br><br>Supor Properties Enterprises LLC, *et al.*[1],<br><br><br>Debtors. | Case No. 24-13427 (SLM)<br>Judge: Stacey L. Meisel<br>Chapter 11<br><br>(Joint Administration Requested) |
| Supor Properties Enterprises LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>American Dream Resorts, Ltd., *et al.*<br><br>Defendant. | Adv. Pro. No. 24-01174 (SLM(=) |

### AFFIDAVIT OF SHOSHANA CARMEL IN SUPPORT OF ORDER TO SHOW CAUSE

---

[1] The Debtors in these related chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Supor Properties Enterprises LLC (5580); J Supor 136-1 Realty LLC (3205); Supor-172 Realty LLC (EIN No. 5662); Supor Properties Breiderhoft LLC (7258); Supor Properties Devon LLC (6357); Shore Properties Associates North LLC (6707); Supor Properties 600 Urban Renewal, LLC (8604); JS Realty Properties, LLC (2497); and Supor Properties Harrison Avenue, LLC (1728).

STATE OF NEW YORK    }
                     } ss.:
COUNTY OF NEW YORK   }

SHOSHANA CARMEL, being duly sworn, deposes and says:

1. I am a Director of 1000 Frank E. Rodgers 1, LLC and Frank E. Rodgers 2, LLC (collectively, the "Lenders" and each such entity, a "Lender").

2. As a director of the Lenders, I am authorized to make this affidavit as a custodian of Lenders' business records. As part of my job responsibilities at the Lenders, I am familiar with, and responsible for, reviewing the type of records maintained by the Lenders in connection with the exhibits annexed hereto.

3. I have personal knowledge of all of the facts described herein based on both my observations and from my examination of the business records of the Lenders, all of which are maintained by the Lenders in the regular and ordinary course of the Lenders' businesses. It is the Lenders' regular course of business to make and maintain such records.

4. These records (i) were made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, by a person with personal knowledge of the information contained therein, (ii) are kept in the ordinary course of business activity conducted regularly by the Lenders, and (iii) it is the regular practice of the Lenders to make such records.

5. In addition, I have reviewed the statements set forth herein as against the records kept by the Lenders and have executed this affidavit based upon that review and (i) upon my personal knowledge of the stated facts and circumstances herein; and (ii) upon my personal knowledge of the books and records of the Lenders.

**The Subject Loan**

6. On or about December 31, 2020, 1000 Frank E. Rodgers 1 LLC extended a loan in the original principal amount of up to $72,500,000 (the "Mortgage Loan") to, inter alia,

2

Debtors Supor Enterprises; Supor 136; Supor 172; Supor 600; JS Realty: Supor Properties Breiderhoft LLC ("Supor Breiderhoft"); Supor Properties Devon LLC ("Supor Devon"); Shore Properties Associates North LLC ("Shore Properties"); Supor Properties Harrison Avenue LLC ("Supor Harrison Avenue") (each a "Debtor/Borrower" and collectively, the "Debtor/Borrowers").

7. The Mortgage Loan is evidenced by (i) that certain Land Loan Agreement dated as of December 31, 2020 made by and between Lender and, inter alia, Debtor/Borrowers (except Supor Harrison Avenue); and (ii) that certain Mortgage Note (the "Mortgage Note"), dated as of December 31, 2020, by, inter alia, Original Borrowers and the Marital Trust in favor of Lender in the original principal amount of up to $72,500,000.

8. The Mortgage Loan is secured by, inter alia, (i) that certain Mortgage and Security Agreement, dated as of December 31, 2020, by Debtor Borrowers (other than Supor Breiderhoft, Shore Properties and Supor Harrison Avenue) for the benefit of Lender encumbering the real property as defined in the Mortgage Loan Agreement including, inter alia, properties owned by the Debtor Borrowers (the "Mortgaged Properties").

9. On or about December 31, 2020, 1000 Frank E Rodgers 2 LLC extended a loan in the original principal amount of $1,000,000 (the "Mezzanine Loan") to inter alia, Supor 136, Supor 172, JS Realty, Supor 600 Supor Breiderhoft, Supor Devon, Shore Properties (collectively, the "Mezzanine Borrowers").

10. The Mezzanine Loan is secured by those certain Ownership Interests Pledge and Security Agreements, dated January 6, 2021, given by each Mezzanine Borrower for the benefit of Lender (collectively, the "Mezzanine Pledge").

11. On or about January 10, 2023, Lender filed a complaint in foreclosure in the

3

Superior Court of New Jersey Chancery Division under Docket No. F-000308-23 seeking to, inter alia, foreclose on the Mortgaged Properties.

12. Effective as of April 12, 2023, Lenders, Debtor Borrowers and others entered into a Forbearance Agreement (the "Forbearance Agreement") wherein, among other things, debtor Borrowers and Mr. Supor provided an Agreement Regarding DIL Documents (the "DIL Agreement"). A copy of the Forbearance Agreement is attached hereto as Exhibit A. A copy of the DIL Agreement is annexed hereto as Exhibit B.

13. Pursuant to the Forbearance Agreement and DIL Agreement, deeds in lieu of foreclosure ("DILFs") for the Mortgaged Properties were given to Lender to hold pursuant to the Forbearance Agreement and DIL Agreement.

14. Additionally, pursuant to the Forbearance Agreement, on or about April 12, 2023, Lender and, inter alia, Debtors SP 400 and Supor Family entered into certain Ownership Interest Pledge and Security Agreements whereby those entities pledged their ownership interests to Lender (the "Additional Lender Pledge"). on or about November 30, 2023, Lender served a Notice of Sale scheduling a sale pursuant to the Uniform Commercial Code of the pledged ownership interest(s) in, among other entities, SP 400 and Supor Family for January 17, 2024 (the "UCC Sale").

15. The UCC Sale was adjourned several time on consent of Lender and Mr. Supor until April 3, 2024.

16. Pursuant to the Forbearance Agreement and DIL Agreement, between January 26, 2024 and January 31, 2024, Lender completed and recorded Deeds in Lieu of Foreclosure for, inter alia, the below listed Mortgaged Properties (collectively the "DILF Properties") naming itself or its nominee as the Grantee on each deed, and the recorded each deed:

(a) FER 1 Property recorded with the Hudson County Register of Deeds on January 29, 2024, as Instrument 20240129010006630 for stated consideration of $19,000,000 in favor of 1000 Frank E. Rodgers Blvd Owner LLC;

(b) FER 2 Property recorded with the Hudson County Register of Deeds on January 29, 2024, as Instrument 20240129010006640 for stated consideration of $500,000 in favor of 1000 Frank E. Rodgers Blvd Owner LLC;

(c) FER 3 Property recorded with the Hudson County Register of Deeds on January 29, 2024, as Instrument 20240129010006650 for stated consideration of $5,500,000 in favor of 1000 Frank E. Rodgers Blvd Owner LLC;

(d) Guyon Property recorded with the Hudson County Register of Deeds on January 31, 2024, as Instrument 20240131010007310 for stated consideration of $10,000,000 in favor of 600 Guyon Drive Owner LLC; and

(e) JS Realty Property recorded with the Hudson County Register of Deeds on January 29, 2024, as Instrument 20240125010005970 for stated consideration of $12,500,000 in favor of 401 Supor Blvd Owner LLC.

17. Upon learning of the Lender's recording of the DILFs, the Debtors indicated that they would likely file bankruptcy proceedings and challenge the DILF transactions/recording of the DILFs, inter alia, as avoidable fraudulent transfers.

18. Thereafter, the Debtors and Lender engaged in negotiations and ultimately came to a resolution as memorialized in a Restructuring Supported Agreement ("RSA") attached as Exhibit A to the Supor First Day Declaration (ECF No. 7).

19. Pursuant to the RSA, Debtors and the Lender agreed to a consensual Sale Process conducted by the Debtors and upon consultation with the Lender in the context of the

5

Debtors' filed bankruptcy cases. Pursuant to the Sale Process, the parties recognized that the Debtors' bankruptcy estates had an interest in the respective Mortgaged Properties, subject to the DILFs.

20. The RSA provides that the Debtors will sell the Mortgaged Properties in a magnitude sufficient to generate proceeds necessary satisfy all obligations to the Lender. In order to facilitate third-party sales, Lender will reconvey the applicable property(ies) to the applicable Debtor so that it could convey the property to the third-party purchaser. To the extent the sale process generates sufficient proceeds to satisfy the Debtor's obligations to Lender, Lender will reconvey all remaining Mortgaged Properties to the Debtors as applicable.

21. The Lender and Debtors further agreed that during the sale process the Debtor estates would retain possession and exercise dominion and control over the Mortgaged Properties, subject to the DILFs. See RSA at Section 3.

**The Bankruptcy and Adversary Proceeding**

22. On April 2, 2024, the Debtors filed a voluntary chapter 11 petition in this Court.

23. On or about April 7, 2024, the above captioned plaintiffs (collectively, the "Plaintiffs") initiated this adversary proceeding by filing a complaint seeking, among other things, turnover, a judgment for fraudulent transfer, and injunctive relief.

24. On that same date, the Plaintiffs filed an application for order to show cause (the "OSC") requesting an injunction against disposition of certain alleged deeds to real properties and for ejectment of the above-captioned defendants (collectively, the "Defendants") from the certain of the Properties.

Support for Debtors and Sales Process

25. The Lenders fully support the ongoing sales process, including under the bidding

and sales procedures approved by this Court in an order entered on or about April 29, 2024 [ECF No. 80].

26. The Lenders reaffirm and support the Debtors' present rights to possess and control the Debtor Properties as set forth in the Final Order Authorizing Directing Use of Cash Collateral [ECF No. 82] (the "Cash Collateral Order"), entered by this Court on or about April 30, 2024.

27. The Lenders reaffirm and support the process set forth in Combined Disclosure Statement and Plan of Reorganization and/or Liquidation For Debtors [ECF No. 91] (the "Plan"), including as to the Debtor's control over the Properties and the remittance of the DILFs.

28. The claims and alleged interests of the Defendants are in violation of the Lenders Loan Agreements.

29. Any further action(s) by Defendants as to the Contributed Deeds could cloud title and impact the marketability of the Mortgaged Properties, thereby inhibiting and jeopardizing the sales process and the ultimate value to be realized thereby to the detriment of the Debtors, their respective bankruptcy estates and the Lenders.

30. The Defendants unauthorized rogue possession of 401 Supor Blvd threatens the sale process and that any interruption or complication could derail the Sale Process and sale prospects thereby causing irreparable harm to the Debtors and, by extension, to their estate and their creditors, including the Lenders.

31. Pursuant to the agreements between the Lenders and the Debtors, among other parties, the Lenders specifically consent and agree that Debtor JS Realty has a property interest subject to the DILF recorded by 401 Supor Blvd Owner LLC and that Debtor JS Realty is

vested with possessory and managerial authority over the JS Realty Property.

32. The Lenders specifically consent and authorize JS Realty to exercise authority to eject Defendants from the JS Realty Property and to otherwise recover possession of said property as property of the JS Realty estate – subject to the Lenders' DILF interest.

33. The Lenders affirm that neither the Lenders nor 401 Supor Blvd Owner LLC has ever entered into a lease with ADR, any other defendants or ADR affiliate Team Dream for occupancy of the JS Realty Property, nor has the Lender or 401 Supor Blvd Owner LLC ever authorized said parties to occupy any portion of the JS Realty property.

34. The Lenders affirm that to the extent that 401 Supor Blvd Owner LLC is the record title owner of the JS Realty, property, 401 Supor Blvd Owner LLC hereby specifically authorizes and empowers JS Realty LLC to pursue possession and turnover of property the estate with respect to the JS Realty property and to otherwise eject ADR or any other defendant(s) or party(ies) from occupancy.

35. For the avoidance of doubt, Lender and 401 Supor Blvd Owner LLC fully support removal of the ADR/defendants/Team Dream from occupancy.

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief.

_____
SHOSHANA CARMEL

Sworn to before me this
13th day of May, 2024
_____
Notary Public

JIGANASA PARIKH-SILO
Notary Public, State of New York
No. 01PA6179443
Qualified in Richmond County
Certificate on file in New York County
Commission Expires 03 21 2X